# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **WILLIAM CHRISTOPHER GIBBS,** Fannin Cty. ID # 5150, Petitioner, | **CIVIL ACTION NO. 2:18-CV-00236-RWS-JCF** |
| v. | |
| **JILL HUFFMAN,** Respondent. | **PRISONER HABEAS CORPUS 28 U.S.C. § 2254** |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Petitioner, confined at the Fannin County Detention Center, signed and filed a habeas corpus petition on November 18, 2018, challenging his October 18, 2018 Fannin County conviction. (Doc. 1). Petitioner stated that after his conviction by guilty plea he filed only a motion for new trial, but he did not provide the result of that proceeding or any indication that he had filed any other challenge to his conviction. (*See id.* at 1-4). Noting that it appeared unlikely, in any event, that Petitioner had exhausted his state court remedies in the 31 days between his conviction and the submission of his habeas petition, the Court ordered Petitioner to show that he had indeed satisfied the federal habeas exhaustion requirement. (Doc. 2). Petitioner has failed to make that showing. (*See* Doc. 4). For the purpose of dismissal only, Petitioner is **GRANTED** leave to proceed *in forma pauperis*.

Rule 4 of the Rules Governing Section 2254 Cases allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted. *See*

*McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when the petition "appears legally insufficient on its face"). A district court may not grant a habeas petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c). Although the Supreme Court of the United States has rejected a strict interpretation of § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

It appears certain that before seeking federal habeas relief, Petitioner did not exhaust his state court remedies through one complete round of Georgia's appellate review process with respect to his October 18, 2018 Fannin County conviction. In his response to the Court's order, he indicates only that his motion for reconsideration was granted in the trial court on January 17, 2019. (*See* Docs. 4, 4-

2

3). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." *Reedman v. Thomas*, 305 Fed. Appx. 544, 546 (11th Cir. 2008) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *see Wright v. Oubre*, 768 F. Supp. 2d 1277, 1282-83 (N.D. Ga. 2011) (concluding that because all of petitioner's federal habeas claims were unexhausted, the stay and abeyance procedure established in *Rhines v. Weber*, 544 U.S. 269 (2005), did not apply); *see also Terrell v. Carter*, No. 1:13-CV-4137-TWT-GGB, 2014 U.S. Dist. LEXIS 145451, at *5 (N.D. Ga. Aug. 19) ("When all of a federal petitioner's claims are unexhausted, the district court should dismiss the petition without prejudice to allow [him] to exhaust his state remedies."), *adopted by* 2014 U.S. Dist. LEXIS 145476 (N.D. Ga. Oct. 10, 2014). Petitioner's federal habeas petition should be dismissed without prejudice so that he may attempt to exhaust his state court remedies.

**Certificate of Appealability**

A petitioner challenging a state court judgment under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate

3

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted). Because jurists of reason would agree, and not find it debatable, that Petitioner's federal habeas petition should be dismissed for lack of exhaustion, a COA is not warranted.

## Conclusion

**IT IS THEREFORE RECOMMENDED** that Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) be **DISMISSED without prejudice** for lack of exhaustion and that he be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 12th day of February, 2019.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge